*Hewitt* for appellants; *Woolley & Kinkead* for appellees.

---

ASSUMPSIT.

*Case* 95.

*June* 4.

## Tucker *vs* Hall.

ERROR TO THE HARRISON CIRCUIT.

*Usury. Limitation. Assignee and assignor.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

The case stated.

Assumpsit by assignee to recover the consideration paid for the assignment of a note, plea that the consideration was for usury agreed to be paid by assignor, to assignee, assignee replies that the assignment had been made more than five years—Held to be no avoidance of the matter of the plea.

THIS is an action of assumpsit against the assignors, upon the assignment of a note. The assumpsit implied in the assignment of a note, is an assumpsit to refund the consideration received by the assignor, or its value, upon the failure of the assignee, by due diligence, to recover from the promisor. If the consideration was *illegal* or *valueless*, the law will not lend its aid to plaintiff to recover in such a conditional assumpsit, more than on a direct assumpsit. If the consideration of the assignment of the note in question was the surrender of notes embracing usury, to the extent of the usury, the notes surrendered were valueless, as they were not enforcible, and if paid off in cash, the amount of usury so paid, might be recovered back, or if lifted by a direct promise to pay, by the execution of a new note, the recovery of the usury embraced in the new notes, might be successfully resisted, and the statute of limitation could never be replied as a defence against the right to resist the recovery of the usury, while an amount remained due upon the *last* note given in renewal, equal to the usury received; and if not equal, then so much of the last note as was usurious upon the entire transaction, might be resisted and the balance of the *principal* and *legal* interest only, that remained due, might be recovered, after first applying the payment made to the discharge of the principal and legal interest, as has been frequently settled by this Court. The same rule equally applies to the conditional promise implied upon the assignment of a note. And on an as-

sumpsit upon such assignment, surely the recovery of usury may as successfully be resisted as upon a direct written promise to pay by renewed note; and the right to the defence can no more be resisted by a plea of the statute of limitation, in the one case, than in the other. If an amount in money or upon notes assigned has been paid, equal to the principal and legal interest, then the residue being usury, cannot be recovered, or if all the principal and legal interest has not been paid, but a part only yet remains due and payable, then only such part can be recovered on the conditioned assumpsit, on the last note assigned and unpaid; or in other words, the amount of usury embraced in the entire transaction between the Tuckers and Hall, should be deducted from the amount recoverable on the assignment, and a verdict for the residue only, rendered in favor of the plaintiff. In case the note of $135 91 cents, executed by Hall to the Tuckers, as the balance or excess over and above the notes assigned, has been paid, of course that amount, and interest from the time of its payment, should be taken into the estimate as increasing the amount of principal and interest due Hall.

As to the usury embraced in the transaction with Pike, as it does not appear how Hall obtained or held the notes upon the Tuckers, or what rights of recourse or other interest he surrendered, in surrendering the notes in favor of Pike, we cannot now determine, whether the usury embraced in those notes may be taken into the estimate, or deducted from the amount of recovery in this action.

The Circuit Court erred, therefore, in not sustaining the defendant's demurrer to the plaintiff's replication of the statute of limitation; also in excluding the deposition of Smith from the jury. That deposition tended strongly to prove the usury; also in the instructions given at the instance of the plaintiff, and in rejecting those asked by the defendant, and in refusing a new trial.

The judgment of the Circuit Court is, therefore, reversed, and cause remanded that a new trial may be granted and further proceedings had.

*Curry* for plaintiff: *Smiths and Trimble* for defendant.